IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD MAJOR, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-68-SPB-RAL |
| DR. HALLIGAN, et al., | ) |
|       Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Edward Major commenced this pro se civil rights action on January 28, 2021 with the filing of his motion for leave to proceed *in forma pauperis*, which was granted on February 4, 2021. ECF No. 1, 3. Plaintiff's fifty-one page handwritten complaint was filed of record that same date. ECF No. 6. In his complaint, Plaintiff asserts several claims under 42 U.S.C. §1983 against the following Defendants: (i) "Dr. Halligan, Medical Physician, SCI Albion"; (ii) "Michael J. Edwards, Registered Nurse, SCI Albion"; (iii) "LT. Oches, R.H.U. Lt., SCI Albion"; (iv) "Paul Ennis, Deputy Superintendent, SCI Albion"; (v) "M. Clark, Facility Manager, SCI Albion"; (vi) "John Doe, Respondent Lieutenant, SCI Albion"; (vii) "Ericson, SDU Unit Manager, SCI Fayette"; (viii) "P. Harney, Mailroom Staff, SCI Fayette"; and (ix) "William Nicholson, Health Care Administrator, SCI Greene." The case has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. §636, and Local Civil Rule 72.

On June 29, 2021, defense counsel filed a motion to dismiss the complaint on behalf of all Defendants except for "John Doe," whose identity has not yet been ascertained, and Dr. Halligan, who has not yet been served with the complaint. ECF Nos. 18, 19, 20. Plaintiff

1

responded to the motion on August 4, 2021, ECF No. 35, and Defendants filed their reply on August 9, 2021. ECF No. 37. Thereafter, Plaintiff filed a plethora of unsolicited documents, including various exhibits, supplements and correspondence. *See* ECF Nos. 38, 39, 42, 44, 45, 47, 50, 53, 54, 55, 56, 57, 58 and 60.

On November 17, 2021, Judge Lanzillo issued an R&R in which he recommended that the moving Defendants' motion to dismiss be granted in part and denied in part. ECF No. 63. Objections to the R&R were due on or before December 6, 2021.

In the weeks that followed Judge Lanzillo's issuance of the Report and Recommendation, Plaintiff again submitted a series of documents which have been variously docketed by the Clerk as correspondence, exhibits, objections, a motion for an extension of time, and requests for appointment of counsel. ECF No. 64-69. Given the ever-burgeoning case docket in this civil action and Plaintiff's apparent confusion about his responsibilities as a *pro se* litigant, the Court deems it prudent to make several observations and render the following admonitions.

First, Plaintiff is advised that, at this stage of the proceedings, his claims are being evaluated based solely on the allegations that are set forth in his complaint. His claims are not presently being evaluated based upon the sufficiency of supporting evidence that may exist in the form of extraneous documentation. Therefore, it is not incumbent upon Plaintiff at this point to prove his claims through the filing of various exhibits. Although courts may consider documents outside of the complaint at the Rule 12(b)(6) stage if they are integral to the plaintiff's claims, *see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), Magistrate Judge Lanzillo has opined that, in this case, none of Plaintiff's extraneous filings can be fairly characterized as integral to his pleading. *See* ECF No. 63 at 10. This Court concurs.

2

For this reason, it is not appropriate at the present juncture for the Court to involve itself in disputes over lost or missing records, as those issues are extraneous to the claims set forth in Plaintiff's complaint and whether they are legally sufficient, not factually sufficient. In his correspondence to the Clerk, Plaintiff repeatedly voices concern about certain records or exhibits that were allegedly lost by prison officials. Because the Court is presently concerned only with the sufficiency of Plaintiff's complaint, it is premature for the Court to address such matters. The Court must first determine whether Plaintiff has pled any potentially viable claims. If he has done so (or if he can do so through an amended complaint), a period of discovery will follow during which time the Court can address any issues Plaintiff may have concerning lost evidentiary items. Alternatively, if Plaintiff believes that his civil rights have been violated as a result of these events, he may assert such claims in a separate civil action.

Similarly, to the extent Plaintiff raises concerns in his various filings about prison officials who are not named as Defendants in this lawsuit, those issues are irrelevant for present purposes because they have no bearing on the sufficiency of Plaintiff's claims. Insofar as Plaintiff is requesting the Court to direct prison officials to respond to Plaintiff's various administrative grievances, the undersigned declines to do so because federal courts do not have jurisdiction over the state prison grievance process.

The Court next observes that Plaintiff has ostensibly filed "objections" to the Report and Recommendation, which are more in the nature of a running factual commentary about his various grievances. At the same time, however, Plaintiff has also requested additional time to submit what would presumably be more well-researched objections. Although the Court is amenable to granting Plaintiff additional time to conduct legal research that may bear on his objections to the Report and Recommendation, the Court also notes that nearly one month has

passed since the original deadline for filing objections. Therefore, a further 60-day extension of time (as set forth in Plaintiff's December 1, 2021 filing, ECF No. 65), is unwarranted.

Next, the Court notes that a portion of the Report and Recommendation is devoted to Plaintiff's Eighth Amendment §1983 claim against Defendant Halligan, who has not yet been served with a copy of the complaint. As reflected on the docket, the U.S. Marshal has twice attempted to mail a copy of the complaint to Defendant Halligan at addresses provided by Plaintiff on two separate USM-285 forms; however, on both occasions, the mailings have been unsuccessful because Defendant Halligan is apparently no longer present at the addresses supplied by Plaintiff. *See* ECF Nos. 26, 33, 49. Since service has not yet been effectuated on Defendant Halligan (and also has not been waived by her), Plaintiff's pending motion for a default judgment against Defendant Halligan is premature and will be denied without prejudice. At the same time, however, based upon information set forth in Plaintiff's December 1, 2021 filing, ECF No. 65, the Court finds that Plaintiff has thus far proceeded in good faith and has established good cause for his past inability to effectuate service. Therefore, the Court will grant an additional extension of time for service, as set forth below.

Insofar as Plaintiff requests the appointment of counsel, his motions will be denied for the reasons previously expressed by Judge Lanzillo in his Order dated July 19. 2021, ECF No. [24]. The Court finds that no material change in circumstances has occurred since the issuance of Judge Lanzillo's Order that would warrant the appointment of counsel at this time, consistent with *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The denial of Plaintiff's requests for counsel is without prejudice, however, and Plaintiff may renew his request at a later stage of these proceedings, should future circumstances so warrant.

4

Finally, the Court notes that Plaintiff's continuous stream of unsolicited filings has thus far significantly and unnecessarily complicated the administration of this case. Accordingly, Plaintiff is advised that, moving forward, any unsolicited filings will not be considered by this Court unless they are in the form of a motion setting forth a specific request for relief. Gratuitous submissions of exhibits, "supplements," correspondence, and other matters will not be addressed or considered by this Court.

Based upon all of the foregoing considerations, the following Order is entered:

NOW, this 4th day of January, 2022, IT IS ORDERED that:

1. Plaintiff's motion (ECF No. [65]) for an extension of time within which to file supplemental objections to the Magistrate Judge's November 17, 2021 Report and Recommendation, ECF No. [63], is GRANTED to the extent that Plaintiff's supplemental objections shall be due on or before **February 14, 2022**. Any responses to Plaintiff's original and/or supplemental objections shall be due on or before **February 28, 2022**.

2. Plaintiff's requests for appointment of counsel, as set forth in his filings docketed on December 1, 2021, ECF No. [65], and December 6, 2021, ECF No. [66], are DENIED without prejudice to be reasserted at a later point in these proceedings, should future circumstances so warrant.

3. Plaintiff's motion for a default judgment against Defendant Halligan, ECF No. [59], is DENIED without prejudice as premature, as service has not yet been effectuated on (or waived by) Defendant Halligan.

4. Pursuant to Federal Rule of Civil Procedure 4(m), and for good cause shown, the period for effectuating service upon Defendant Halligan shall be extended to February 15, 2022.

IT IS SO ORDERED.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge

cm: EDWARD MAJOR
LX6754
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450
(via U.S. mail, First Class)

Counsel of Record
(via CM/ECF)

United States Magistrate Judge Richard A. Lanzillo
(via CM/ECF)