IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD MAJOR, | } |
| | } No. 1:21-cv-00068-RAL |
| Plaintiff, | } |
| | } Judge Baxter |
| vs. | } |
| | } Magistrate Judge Lanzillo |
| REKHA HALLIGAN, Medical Physician, SCI Albion; | } |
| MICHAEL J. EDWARDS, Registered Nurse, SCI Albion; | } |
| JAMES OCHS, R.H.U. Lt., SCI Albion; | } |
| PAUL ENNIS, Deputy Superintendent, SCI Albion; | } |
| MICHAEL CLARK, Facility Manager, SCI Albion; | } |
| SETH ERICKSON, SDU Unit Manager, SCI Fayette; | } |
| WILLIAM NICHOLSON, Health Care Administrator, | } |
| SCI Greene; LIEUTENANT JOHN DOE, SCI Albion | } |
| Medical Personnel; MICHAEL HERBIK; | } |
| JAMES BRIGHT; LIEUTENANT MATIYASIC | } |
| and CORRECTIONAL OFFICER CARNS, | } |
| | } *Electronically Filed.* |
| Defendants. | } |

**CORRECTIONS DEFENDANTS' ANSWER**
**TO PLAINTIFF'S AMENDED COMPLAINT [ECF 98]**

AND NOW, come the Defendants, Edwards, Ochs, Ennis, Clark, Erickson, Nicholson, Ohrman, Bright, Matiyasic and Carns ("the Answering Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Karen M. Romano, Chief Deputy Attorney General, and submit the following answer to Plaintiff's Complaint:

**ANSWER TO COMPLAINT**

1. Paragraph 1 is an introductory statement regarding the source and nature of Plaintiff's federal law claims in the present case, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

2. Paragraph 2 is an introductory statement regarding the nature of Plaintiff's federal law claims in the present case, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

## PARTIES

3. Paragraph 3 is admitted.

4. Paragraph 4 is not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

10. Paragraph 10 does not aver any facts; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

15. Paragraph 15 is admitted.

16. Paragraph 16 is admitted.

17. Paragraph 17 is admitted.

18. Paragraph 18 does not aver any facts; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

## JURISDICTION AND VENUE

19. Paragraph 19 is a conclusion of law regarding this Court's jurisdiction over Plaintiff's federal law and pendant state law claims in the present case, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

20. Paragraph 20 is a conclusion of law regarding venue in this Court, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

## FACTS

21. To the extent directed to the Answering Defendants, Paragraph 21 is denied and strict proof is demanded at trial.

22. To the extent directed to the Answering Defendants, Paragraph 22 is denied and strict proof is demanded at trial.

*DOC Personnel Misdiagnose Major's Heart Attack and Fail to Provide Proper Treatment*

23.-25.    To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of these paragraphs as stated. Accordingly, they are denied and strict proof is demanded at trial.

26.-29.    The allegations in these paragraphs are not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in these paragraphs are denied and strict proof is demanded.

30.    To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of these paragraphs as stated. Accordingly, they are denied and strict proof is demanded at trial.

31.-32.    The allegations in these paragraphs are not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in these paragraphs are denied and strict proof is demanded.

33.-39.    To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of these paragraphs as stated. Accordingly, they are denied and strict proof is demanded at trial.

40.-43.    The allegations in these paragraphs are not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in these paragraphs are denied and strict proof is demanded.

44. To the extent directed to the Answering Defendants, Paragraph 44 is denied as stated; therefore, it is denied and strict proof is demanded at trial.

45. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

46. Paragraph 46 is admitted to the extent supported by the referenced grievance.

47. Paragraph 47 is admitted to the extent that it avers that Answering Defendant Edwards reviewed Plaintiff's grievance. All other allegations of fact in this paragraph are denied and strict proof is demanded at trial. By way of further response, Answering Defendant Edwards denied the grievance, he did not reject the grievance.

48. After reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

49. Paragraph 49 is denied as stated; however, it is admitted to the extent supported by the referenced grievance response.

50. To the extent directed to the Answering Defendants, Paragraph 50 is denied.

*Major Subjected to Excessive Use of Force*

51.-57. The allegations in these paragraphs are not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in these paragraphs are denied and strict proof is demanded.

58. Paragraph 58 is denied as stated; however, it is admitted that Plaintiff was placed in the Restricted Housing Unit on February 24, 2019.

59. Paragraph 59 is denied as stated; therefore, it is denied and strict proof is demanded. By way of further response, it is averred that showering is contraindicated after exposure to Oleoresin Capsicum ("OC") spray.

60.-64. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of these paragraphs as stated. Accordingly, they are denied and strict proof is demanded at trial.

65. Paragraph 65 is admitted to the extent supported by the referenced grievance.

66. To the extent directed to the Answering Defendants, Paragraph 66 states conclusions of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

67. Paragraph 67 is admitted to the extent that it avers that Answering Defendant Edwards reviewed Plaintiff's grievance. All other allegations of fact in this paragraph are denied and strict proof is demanded at trial. By way of further response, Answering Defendant Edwards denied the grievance, he did not reject the grievance.

68. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

69. To the extent directed to the Answering Defendants, Paragraph 69 is denied and strict proof is demanded at trial.

70. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the

facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

71. Paragraph 71 is denied and strict proof is demanded at trial.

### *SCI-Albion Transfers Major to SCI-Fayette*

72. Paragraph 72 is admitted to the extent it avers that Plaintiff was transferred from SCI-Albion to SCI-Fayette in August of 2019. All other allegations in this paragraph are denied and strict proof is demanded at trial.

73. Paragraph 73 is denied as stated; however, it is admitted that Plaintiff was placed in the Restricted Housing Unit upon arrival at SCI-Fayette. By way of further response, it is averred that all inmates transferred to a state correctional institution are initially placed in the Restricted Housing Unit in Administrative Custody status pending determination of an appropriate housing placement.

74. Paragraph 74 is denied as stated; however, it is admitted that Plaintiff was placed in a step down unit shortly after his arrival at SCI-Fayette. All other allegations in this paragraph are denied and strict proof is demanded at trial.

75. Paragraph 75 is denied and strict proof is demanded at trial.

76. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

77. Paragraph 77 is denied and strict proof is demanded at trial.

78. Paragraph 78 is denied as stated; however, by way of further response, it is averred that, pursuant to DOC policy, a grievance filed by Plaintiff was rejected and the matter was referred to the Security Office and PREA Compliance Manager for initiation of an investigation.

79. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

*SCI-Fayette Transfers Major to SCI-Greene*

80. To the extent directed to the Answering Defendants, Paragraph 80 is admitted. By way of further response, it is averred that the DOC is not required to advise of or explain its reasons for transferring an inmate.

81.-83. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of these paragraphs as stated. Accordingly, they are denied and strict proof is demanded at trial.

84. Paragraph 84 is denied and strict proof is demanded.

85. Paragraph 85 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

86. Paragraph 86 is denied and strict proof is demanded.

87. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the

facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

88. Paragraph 88 is denied and strict proof is demanded.

89. Paragraph 89 is denied and strict proof is demanded.

90. Paragraph 90 is denied and strict proof is demanded.

91. Paragraph 91 is denied and strict proof is demanded.

92. Paragraph 92 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

93. Paragraph 93 is admitted to the extent that the Answering Defendants became aware that Plaintiff filed the instant lawsuit when they were served with the initial complaint in May of 2021.

94.-96. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of this paragraph as stated. Accordingly, they are denied and strict proof is demanded at trial.

97. Paragraph 97 is admitted to the extent supported by the referenced grievances.

### *SCI-Greene Transfers Major Back to SCI-Fayette*

98. Paragraph 98 is admitted to the extent it avers that Plaintiff was transferred from SCI-Greene to SCI-Fayette in September of 2021. All other allegations in this paragraph are denied and strict proof is demanded at trial.

*Major Again Exposed to O/C Spray Despite His Medical Condition*

99. To the extent directed to the Answering Defendants, Paragraph 99 is denied and strict proof is demanded.

100. To the extent directed to the Answering Defendants, Paragraph 100 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

101. To the extent directed to the Answering Defendants, Paragraph 101 is denied as stated; however, it is admitted that Plaintiff filed correspondence to the Court that was docketed at ECF No. 50.

102. To the extent directed to the Answering Defendants, Paragraph 102 is denied and strict proof is demanded at trial.

103. To the extent directed to the Answering Defendants, Paragraph 103 is admitted to the extent it avers that an incident occurred in the cell next to Plaintiff on November 4, 2021.

104. To the extent directed to the Answering Defendants, Paragraph 104 is admitted to the extent it avers that another inmate in the cell next to Plaintiff was subjected to OC spray on November 4, 2021.

105. To the extent directed to the Answering Defendants, Paragraph 105 is denied and strict proof is demanded at trial.

106. To the extent directed to the Answering Defendants, Paragraph 106 is admitted to the extent that it avers that Answering Defendant deployed OC spray against another inmate and that on November 4, 2021, and on November 5, 2021, Plaintiff filed grievances regarding this incident. All other allegations of fact in this paragraph are denied and strict proof is demanded at trial.

107. To the extent directed to the Answering Defendants, Paragraph 107 is denied and strict proof is demanded at trial.

108. Paragraph 108 is not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

109. To the extent directed to the Answering Defendants, Paragraph 109 is denied as stated; therefore, it is denied and strict proof is demanded at trial.

110. Paragraph 110 is not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

111. Paragraph 111 is not directed to the Answering Defendants; therefore, no response is required. However, to the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

112. To the extent directed to the Answering Defendants, Paragraph 112 is denied and strict proof is demanded at trial.

113.-118. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations of these paragraphs as stated. Accordingly, they are denied and strict proof is demanded at trial.

119. To the extent directed to the Answering Defendants, it is not clear what facts are being alleged in Paragraph 119; accordingly, this paragraph is denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

## COUNT ONE
## EXCESSIVE USE OF FORCE IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
### Defendant John Doe

120.  Paragraph 120 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any and all allegations of fact in this paragraph are denied and strict proof is demanded.

121.-128.  The allegations in these paragraphs are not directed to the Answering Defendants; therefore, no response is required.  However, to the extent a response is required, any allegations of fact in these paragraphs are denied and strict proof is demanded.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

## COUNT TWO
## DELIBERATE INDIFFERENCE TO MAJOR'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
### Defendants Halligan, Edwards, Nicholson, Herbik, and Bright

129.  Paragraph 129 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any and all allegations of fact in this paragraph are denied and strict proof is demanded.

130.  To the extent directed to the Answering Defendants, Paragraph 130 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

131. To the extent directed to the Answering Defendants, Paragraph 131 is admitted; however, it is denied that the Answering Defendants violated any right held by Plaintiff under the Eighth Amendment.

132. To the extent directed to the Answering Defendants, Paragraph 132 is denied and strict proof is demanded.

133. To the extent directed to the Answering Defendants, Paragraph 133 is denied and strict proof is demanded.

134. To the extent directed to the Answering Defendants, Paragraph 134 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

135. To the extent directed to the Answering Defendants, Paragraph 135 (and all of its subparts) is denied and strict proof is demanded.

136. To the extent directed to the Answering Defendants, Paragraph 136 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

137. To the extent directed to the Answering Defendants, Paragraph 137 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

## COUNT THREE

### DELIBERATE INDIFFERENCE TO MAJOR'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 19833

### Defendants Ochs, Clark, Matiyasic, John Doe, and Carns

138. Paragraph 138 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any and all allegations of fact in this paragraph are denied and strict proof is demanded.

139. To the extent directed to the Answering Defendants, Paragraph 139 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

140. To the extent directed to the Answering Defendants, Paragraph 140 is admitted; however, it is denied that the Answering Defendants violated any right held by Plaintiff under the Eighth Amendment.

141. To the extent directed to the Answering Defendants, Paragraph 141 is admitted.

142. To the extent directed to the Answering Defendants, Paragraph 142 is denied and strict proof is demanded.

143. To the extent directed to the Answering Defendants, Paragraph 143 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

144. To the extent directed to the Answering Defendants, Paragraph 144 (and all of its subparts) is denied and strict proof is demanded.

145. To the extent directed to the Answering Defendants, Paragraph 145 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

146. To the extent directed to the Answering Defendants, Paragraph 146 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

## COUNT FOUR
## RETALIATION IN VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
### Defendants Clark, Ennis, Erickson, and Ohrman

147. Paragraph 147 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any and all allegations of fact in this paragraph are denied and strict proof is demanded.

148. Paragraph 148 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

149. Paragraph 149 is admitted; however, it is denied that the Answering Defendants violated any right held by Plaintiff under the First Amendment.

150. Paragraph 150 is admitted; however, it is denied that the Answering Defendants violated any right held by Plaintiff under the Eighth Amendment.

151. Paragraph 151 (and all of its subparts) is denied and strict proof is demanded.

152. Paragraph 152 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

153. Paragraph 153 is a conclusion of law, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

154. Paragraph 154 is denied and strict proof is demanded.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

## PRAYER FOR RELIEF

155. This final unnumbered paragraph (and all of its subparts) are a statement of the relief sought by Plaintiff in this action, to which no response is required, or if a response is deemed required, any allegations of fact relating to the claim are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any rights under the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

The Eleventh Amendment protects the Answering Defendants in their official capacity.

## FIFTH AFFIRMATIVE DEFENSE

The Answering Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of Plaintiff.

Therefore, the Answering Defendants are entitled to qualified immunity and/or qualified good faith immunity from civil damages.

### SIXTH AFFIRMATIVE DEFENSE

In asserting his claims, Plaintiff has not complied with all requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

### SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendants assert all available privileges for their conduct insofar as it is material to the allegations made in this case, including the defense of sovereign immunity under Pennsylvania law.

### EIGHTH AFFIRMATIVE DEFENSE

The Answering Defendants were at all times acting in good faith and in an objective, reasonable manner and with a reasonable belief in the lawfulness of their actions.

### NINTH AFFIRMATIVE DEFENSE

Any injuries or losses suffered by the Plaintiff were the direct result of his own actions or omissions or were caused by the conduct or action of third parties over whom the Answering Defendants had no control or responsibility.

### TENTH AFFIRMATIVE DEFENSE

The Answering Defendants were at all times acting pursuant to duties required or authorized by statute or regulation and therefore said acts were within the discretion granted to the Answering Defendants by statute or statutorily authorized by regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

The Answering Defendants are entitled to sovereign immunity under both state and federal law.

## **TWELFTH AFFIRMATIVE DEFENSE**

At no time did the Answering Defendants, either individually or in concert with others, deprive the Plaintiff of any rights, privileges or immunities secured to him by the Constitution or the laws of the United States.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants reserve the right to amend this pleading as needed or necessary.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-3586
Fax:    (412) 565-3019

Date:  December 1, 2022

s/ Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Karen M. Romano
Chief Deputy Attorney General