Nov. 1, 2016

Local Rules of Court
Western District of Pennsylvania

**APPENDIX LCvR 16.1.A**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD MAJOR, | ) | Case No. 1:21-CV-00068-RAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Richard A. Lanzillo** |
| | ) | **Chief United States Magistrate Judge** |
| v. | ) | |
| | ) | |
| MICHAEL J. EDWARDS, REGISTERED NURSE, SCI ALBION; JAMES OCHS, R.H.U. LT., SCI ALBION; PAUL ENNIS, DEPUTY SUPERINTENDENT, SCI ALBION; MICHAEL CLARK, FACILITY MANAGER, SCI ALBION; SETH ERICKSON, SDU UNIT MANAGER, SCI FAYETTE; WILLIAM NICHOLSON, HEALTH CARE ADMINISTRATOR, SCI GREENE; LIEUTENANT JOHN DOE, SCI ALBION MEDICAL PERSONNEL; SERGEANT OHRMAN, MICHAEL HERBIK, JAMES BRIGHT, LIEUTENANT MATIYASIC, CORRECTIONAL OFFICER CARNS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1.   **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

*Attorneys for Plaintiff Edward Leon Major.:*

   David R. Osipovich
   Kira M. Geary
   K&L Gates LLP
   210 Sixth Ave.
   Pittsburgh, PA 15222
   Tel.: (412) 355-6500
   Fax: (412) 355-6501

    david.osipovich@klgates.com
    kira.geary@klgates.com

    Jonathan R. Vaitl
    K&L Gates LLP
    17 North 2nd Street, 18th Floor
    Harrisburg, PA 17101
    Tel.: (717) 231-5830
    jon.vaitl@klgates.com

*Attorneys for Defendant Michael Herbik:*

    Samuel L. Foreman
    Benjamin M. Lombard
    Weber Gallagher Simpson Stapleton Fires & Newby LLP
    Four PPG Place, 5th Floor
    Pittsburgh, PA 15222
    Tel.: (412) 281-4541
    sforeman@wglaw.com
    blombard@wglaw.com


*Attorneys for Defendants Edwards, Ochs, Ennis, Clark, Erickson, Nicholson, Ohrman, Bright, Matiyasic, and Carns:*

    Scott A. Bradley
    Karen M. Romano
    Office of Attorney General
    1251 Waterfront Place
    Mezzanine Level
    Pittsburgh, PA 15222
    Tel.: (412) 565-3586
    Fax: (412) 565-3019

2.    **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

    Plaintiff alleges claims under 42 U.S.C. § 1983 for (a) excessive use of force in violation of the Eighth Amendment, (b) deliberate indifference to serious medical needs in violation of the Eighth Amendment, and (c) retaliation in violation of the First Amendment.

3.    **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

    The Rule 26(f) Conference was held on November 14, 2023.

    Attendees:

*Attorneys for Plaintiff Major:*
Jonathan R. Vaitl
Kira M. Geary

*Attorneys for Defendant Herbik:*
Samuel L. Foreman
Benjamin Lombard

*Attorneys for Defendants Edwards, Ochs, Ennis, Clark, Erickson, Nicholson, Ohrman, Bright, Matiyasic, and Carns:*
Scott A. Bradley

Parties who have not yet have been served or entered an appearance as of the date of said Conference: NONE.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   November 29, 2023

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   Defendant Herbik's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is still pending, and will likely be resolved on or shortly after January 8, 2024.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   Pursuant to Local Rule 16.2, this action is exempt from mandatory ADR, as Plaintiff Major is a prisoner. The parties, however, are open to participating in ADR and will discuss the same with the Court at the Rule 16 Initial Scheduling Conference.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None.

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

   - Deposition testimony of Plaintiff;
   - Deposition testimony of Defendants;
   - Documents and communications regarding Major's medical conditions, including, *but not limited to*:
     - Medical records from the Pennsylvania Department of Corrections;
     - Medical records from outside treating physicians;
     - Records regarding the dispersal of Major's prescribed medications;
     - Records regarding the prison's supply of Major's prescribed medications; and
     - Any other records evidencing Major's communications with Defendants regarding his medical condition since January 1, 2018.
   - Documents and communications regarding any grievances filed by Major since January 1, 2018;
   - Documents and communications regarding any disciplinary action taken by Defendants against Major;
   - Documents and communications regarding the incidents alleged in the Complaint taking place in February of 2019;
   - Documents and communications regarding Major's transfers to and from various DOC institutions;
   - Documents and communications describing or discussing the policies and practices of the Pennsylvania Department of Corrections, SCI-Albion, SCI-Fayette, and/or SCI-Greene with regard to the provision of oleoresin capsicum (O/C) spray medical alert cards or any other efforts made to prevent inmates with certain health conditions from being exposed to O/C spray;
   - Documents and communications describing or discussing the policies and practices of the Pennsylvania Department of Corrections, SCI-Albion, SCI-Fayette, and/or SCI-Greene with regard to the use of force against inmates;
   - Documents and communications describing or discussing the policies and practices of the Pennsylvania Department of Corrections, SCI-Albion, SCI-Fayette, and/or SCI-Greene with regard to the placement of inmates into Restricted Housing Units ("RHUs").
   - Documents and communications describing or discussing the policies and practices of the Pennsylvania Department of Corrections, SCI-Albion, SCI-Fayette, and/or SCI-Greene with regard to the provision of medication prescribed to be taken on an as-needed basis.
   - Communications between Defendants and Major;
   - Communications between Defendants regarding Major; and
   - Harm to Major due to Defendants' actions and Major's resulting damages.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at

the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** November 24, 2023

    b.    **Date by which any additional parties shall be joined:** March 30, 2024

    c.    **Date by which the pleadings shall be amended:** March 30, 2024

    d.    **Date by which fact discovery should be completed:** April 26, 2024

    e.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** N/A

    f.    **Date by which plaintiff's expert reports should be filed:** May 27, 2024

    g.    **Date by which depositions of plaintiff's expert(s) should be completed:** July 26, 2024

    h.    **Date by which defendant's expert reports should be filed:** June 26, 2024

    i.    **Date by which depositions of defendant's expert(s) should be completed:** July 26, 2024

    j.    **Date by which third party expert's reports should be filed:** N/A

    k.    **Date by which depositions of third party's expert(s) should be completed:** N/A

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

N/A

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

    a.    **ESI.** Is either party seeking the discovery of ESI in this case?

    **X** Yes  ☐ No [If "No," skip to sub-part (e) below.]

b.   **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

 **X** Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by April 26, 2024.

 ☐ The parties will conduct ESI discovery by following the guidelines set forth in Appendix LCvR 26.2.C and meeting and conferring on issues as needed.

 ☐ Have developed an ESI discovery plan (as attached).

 ☐ Will have an ESI discovery plan completed by _____.

NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

c.   **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

 **X** Yes   ☐ No

d.   **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

 ☐ Yes   **X** No

e.   **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

 **X** Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

  Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

 ☐ Are unable to agree on appropriate non-waiver language.

f.   **EDSM and E-Mediator**. Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

 ☐ Yes   **X** No

    g.    **Other.** Identify all outstanding disputes concerning any ESI issues:

12.    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

    a.    **Settlement and/or transfer to an ADR procedure;**

Pursuant to Local Rule 16.2, this action is exempt from mandatory ADR, as Plaintiff Major is a prisoner. The parties, however, are open to participating in ADR and will discuss the same with the Court at the Rule 16 Initial Scheduling Conference.

    b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

See items 9.f through 9.i above.

    c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

June 10, 2024

    d.    **Dates by which parties' pre-trial statements should be filed;**

TBD

    e.    **Dates by which in limine and Daubert motions and responses thereto should be filed;**

TBD

    f.    **Dates on which motions in limine and Daubert motions shall be heard;**

TBD

    **g.**    **Dates proposed for final pre-trial conference;**

    TBD

    **h.**    **Presumptive and final trial dates.**

    TBD

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    The parties do not anticipate that the court will have to appoint a special master for any reason.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

    N/A

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

    The parties discussed their respective positions with regard to settlement during their Rule 26(f) conference.  The parties will continue to confer in good faith on settlement during the mediation.

                              Respectfully submitted,

                              */s/ Kira M. Geary*

                              */s/ Scott A. Bradley*

                              */s/ Benjamin Lombard*

                              (Signatures of counsel and unrepresented parties)