IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

EDWARD LEON MAJOR,

    Plaintiff,

vs.

MICHAEL J. EDWARDS, et al.,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 1:21-cv-00068

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES

Now comes, Defendant Michael Herbik, D.O. ("Answering Defendant") by and through his attorneys, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, and files the within Answer and Affirmative Defenses to Plaintiff's Amended Complaint (ECF No. 98):

## INTRODUCTION

1-2. The corresponding paragraphs of Plaintiff's Amended Complaint state legal conclusions, to which no response is required. Further, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

### The Parties

3. Admitted, upon information and belief.

1

4. The allegations of the corresponding paragraph of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraph of Plaintiff's Amended Complaint. Further, pursuant to the Court's Order of September 29, 2023, Defendant Halligan was dismissed from this action. (ECF No. 132).

5-13. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

14. It is admitted that Dr. Herbik worked at SCI-Fayette to provide medical care to the inmates therein. All other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint are denied as stated.

15-17. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

18. The corresponding paragraph of Plaintiff's Amended Complaint merely provides a reference name for certain defendants, and, as such, no response is required of Answering Defendant. To the extent a response is required, Answering

Defendant denies the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

19-20. The corresponding paragraphs of Plaintiff's Amended Complaint state legal conclusions, to which no response is required. As such, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

## FACTS

21-22. The corresponding paragraphs of Plaintiff's Amended Complaint state legal conclusions, to which no response is required. As such, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint. Further, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

### *DOC Personnel Misdiagnose Major's Heart Attack and Fail to Provide Proper Treatment*

23-50. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint. Further, Plaintiff's complete medical records

3

provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

*Major Subjected to Excessive Use of Force*

51-71.   The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint. Further, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

*SCI-Albion Transfers Major to SCI-Fayette*

72-79.   The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint. Further, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

*SCI-Fayette Transfers Major to SCI-Greene*

80-97. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint. Further, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

*SCI-Greene Transfers Major Back to SCI-Fayette*

98. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

*Major Again Exposed to O/C Spray Despite his Medical Condition*

99. Answering Defendant denies the allegations in the corresponding paragraph of Plaintiff's Amended Complaint. Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

100-102. The corresponding paragraphs of Plaintiff's Amended Complaint state legal conclusions, to which no response is required. Further, Plaintiff's

complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

103-106. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraph of Plaintiff's Amended Complaint, and therefore, denies the same. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

107. Answering Defendant denies the allegations in the corresponding paragraph of Plaintiff's Amended Complaint. Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such, Answering Defendant denies the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

108-109. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraph of Plaintiff's Amended Complaint, and therefore, denies the same. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

110-115.  Answering Defendant denies the allegations in the corresponding paragraphs of Plaintiff's Amended Complaint.  Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves.  As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

116.  Inasmuch as the allegations of the corresponding paragraph of Plaintiff's Amended Complaint reference a written letter, the best evidence of this writing is the actual document which speaks for itself.  As such, Answering Defendant denies the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

117-118.  Answering Defendant denies the allegations in the corresponding paragraphs of Plaintiff's Amended Complaint.  Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves.  As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

119.  The corresponding paragraph of Plaintiff's Amended Complaint states legal conclusions, to which no response is required.  Further, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves.  As such, Answering Defendant denies the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

## COUNT ONE
## EXCESSIVE USE OF FORCE
## IN VIOLATION OF THE EIGHTH AMENDMENT
## OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. §1983
### Defendant John Doe

120. Answering Defendant incorporates herein, his responses and answers to paragraphs 1-119 of Plaintiff's Amended Complaint as if fully set forth in the entirety.

121-128. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

## COUNT TWO
## DELIBERATE INDIFFERENCE TO MAJOR'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. §1983
### Defendants Halligan, Edwards, Nicholson, Herbik, and Bright

129. Answering Defendant incorporates herein, his responses and answers to paragraphs 1-128 of Plaintiff's Amended Complaint as if fully set forth in the entirety.

130-137. The corresponding paragraphs of Plaintiff's Amended Complaint states legal conclusions, to which no response is required. Further, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. As such,

Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

## COUNT THREE
## DELIBERATE INDIFFERENCE TO MAJOR'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTIUTTION UNDER 42 U.S.C. § 1983
**Defendants Ochs, Clark, Matiyasic, John Doe, and Carns**

138. Answering Defendant incorporates herein, his responses and answers to paragraphs 1-137 of Plaintiff's Amended Complaint as if fully set forth in the entirety.

139-146. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

## COUNT FOUR
## RETALIATION
## IN VIOLATION OF THE FIRST AMENDMENT
## OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
**Defendants Clark, Ennis, Erickson, and Ohrman**

147. Answering Defendant incorporates herein, his responses and answers to paragraphs 1-146 of Plaintiff's Amended Complaint as if fully set forth in the entirety.

148-154. The allegations of the corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties, not Answering Defendant. As

such, Answering Defendant denies the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

The corresponding paragraphs—outlined as paragraphs 1-7—of Plaintiff's Amended Complaint state legal conclusions or make requests for legal relief, to which no response is required. As such, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

WHEREFORE, Defendant Dr. Herbik seeks judgment in his favor and against Plaintiff, dismissing Plaintiff's Amended Complaint together with an award of costs and disbursements incurred by Defendant, including attorneys' fees together with such other relief in favor of Defendant as this Honorable Court shall deem appropriate under the circumstances.

**JURY TRIAL DEMANDED**

### *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims may be barred by the applicable statute of limitations, they must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to fully and properly exhaust available administrative remedies as to Answering Defendant and/or as to any or all matters

complained of in his Amended Complaint, Plaintiff's claims against Answering Defendant are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant pleads as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury, and the limitation on attorneys' fees.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Answering Defendant deprive Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C.A. § 1983 or any other state or federally protected right or privilege.

### SIXTH AFFIRMATIVE DEFENSE

At no time did Answering Defendant demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

At no time did Answering Defendant fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities or events, over which Answering Defendant had no control or duty to control.

## TENTH AFFIRMATIVE DEFENSE

The treatment afforded to Plaintiff by Answering Defendant was, at all material times, in accordance with the applicable standards of professional medical care.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant pleads all defenses afforded to him pursuant to the MCARE Act at 40 P.S. 1303.101 et seq.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1983.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant raises the defense of qualified immunity to the extent it may be deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all defenses available under the Federal Health Care Quality Improvement Act, 42 U.S.C.A. §11101 et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to amend his Answer and Affirmative Defenses to Plaintiff's Amended Complaint and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

By:   /s/ Benjamin M. Lombard
       Benjamin M. Lombard, Esquire
       blombard@wglaw.com
       PA I.D. 322376

       Samuel H. Foreman, Esquire
       sforeman@wglaw.com
       PA I.D. 77096

       Six PPG Place, Suite 1130
       Pittsburgh, PA 15222
       T: (412) 281-4541
       F: (412) 281-4547

## **CERTIFICATE OF SERVICE**

I, Benjamin M. Lombard, Esquire, hereby certify that on this date a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was served upon the following *via* CM/ECF:

David R. Osipovich
Kira M. Geary
Jonathan Vaitl
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Scott A. Bradley
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
*Counsel for DOC Defendants*

/s/ Benjamin M. Lombard
Benjamin M. Lombard, Esquire

Dated:  January 9, 2024