IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

EDWARD LEON MAJOR,

    Plaintiff,                                CIV. ACTION NO. 1:21-cv-0068

vs.

REKHA HALLIGAN, et al,

    Defendants.

## DEFENDANT DR. HERBIK'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

AND NOW COMES, Defendant Dr. Michael Herbik, by and through his counsel and the law firm of Weber Gallagher and hereby submits the following Answers to Interrogatories:

1. IDENTIFY and EXPLAIN all facts supporting DEFENDANT'S affirmative defense in his ANSWER that that the "cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence."

**RESPONSE: Responding Defendant objects to the instant interrogatory as asking for a legal conclusion and, as a result, no response is required. Further, this Interrogatory improperly seeks information regarding attorney work product and protected pursuant attorney client privilege.**

2. IDENTIFY and EXPLAIN all facts upon which DEFENDANT bases his denial in Paragraphs 99-102 of his ANSWER, specifically his denial that "By late 2021, the SCI- Fayette Defendants were fully aware of Major's medical condition and his prevention measures—nitroglycerin pills, a heart-healthy diet, and an O/C spray alert card—that had been approved more than four years earlier."

RESPONSE: **Pursuant to Fed. R. Civ. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him. See, Plaintiff's medical records. Defendant further objects to this Interrogatory as an attempt to improperly shift Plaintiff's burden of reviewing his own medical records to Defendant.**

3. IDENTIFY and EXPLAIN all facts upon which DEFENDANT bases his denial in Paragraph 107 of his ANSWER, specifically his denial that "Major immediately began to experience worsening symptoms, starting with a cough, runny nose, and watery eyes, and progressing until Major began vomiting blood, feeling light-headed, and experiencing chest constrictions. He took two nitroglycerin pills to alleviate the pain in his chest and pressed the cell call button for assistance."

RESPONSE: **Pursuant to Fed. R. Civ. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him. See, Plaintiff's medical records. Defendant further objects to this Interrogatory as an attempt to improperly shift Plaintiff's burden of reviewing his own medical records to Defendant.**

4.     IDENTIFY and EXPLAIN all facts upon which DEFENDANT bases his denial in Paragraphs 110-115 of his ANSWER, specifically his denial that "Major continually sought medical assistance to address these serious symptoms, but prison officials routinely ignored his requests for assistance[.]"

**RESPONSE:  Pursuant to Fed. R. Civ. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him.  See, Plaintiff's medical records.  Defendant further objects to this Interrogatory as an attempt to improperly shift Plaintiff's burden of reviewing his own medical records to Defendant.   By way of further response, to the extent that the 'prison officials' referenced specifically in the Interrogatory are alleged to have routinely ignored requests for assistance, Responding Defendant, Dr. Herbik, is not an official of the prison but, a sub-contracted provider of medical care.**

5.     IDENTIFY and EXPLAIN all facts upon which DEFENDANT bases his denial in Paragraphs 117-118 of his ANSWER, specifically his denial that "Major's physician at UPMC Hamot determined that his internal bleeding likely resulted from the prison dispensing blood thinners to Major for four years longer than was recommended."

 **RESPONSE:  Pursuant to Fed. R. Civ. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him.  See, Plaintiff's medical records.**

6.     IDENTIFY and EXPLAIN any and all facts that support the assertion that DEFENDANT has provided PLAINTIFF with reasonable or adequate medical care.

RESPONSE: **Pursuant to Fed. R. Civ. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him. See, Plaintiff's medical records. Defendant further objects to this Interrogatory as an attempt to improperly shift Plaintiff's burden of reviewing his own medical records to Defendant.**

7. IDENTIFY and EXPLAIN any and all reasons DEFENDANT has denied, withheld, or failed to provide PLAINTIFF'S nitroglycerin medication.

RESPONSE: **Defendant, Dr. Herbik, has not denied, withheld, or failed to provide Plaintiff's nitroglycerin. By way of further response, see Plaintiff's medical records, as well as those grievance records received by subpoena which address and investigate this allegation.**

8. IDENTIFY and EXPLAIN any and all reasons DEFENDANT declined or failed to designate PLAINTIFF with an O/C SPRAY contraindication.

RESPONSE: **Defendant, Dr. Herbik, did not perform the routine Preventive Health Risk Assessment tool where the suitability of Oleoresin Capsicum is addressed.**

9. IDENTIFY and EXPLAIN all actions taken by DEFENDANT RELATING TO PLAINTIFF'S prescriptions and medical care between November 4, 2021 and April 16, 2022, as described in Paragraphs 103-115 of the AMENDED COMPLAINT.

RESPONSE: **Pursuant to Fed. R. Civ. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him. See, Plaintiff's medical records. Defendant further objects**

**to this Interrogatory as an attempt to improperly shift Plaintiff's burden of reviewing his own medical records to Defendant.**

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

BY:  /s/ Benjamin M. Lombard
   Benjamin M. Lombard, Esquire
   blombard@wglaw.com
   PA322376

   Samuel H. Foreman, Esquire
   sforeman@wglaw.com
   PA I.D. 77096

   WEBER GALLAGHER SIMPSON
   STAPLETON FIRES & NEWBY, LLP
   Six PPG Place
   Suite 1130
   Pittsburgh, PA 15222
   (412) 281-4541
   (412) 281-4547 FAX

## VERIFICATION

I, Michael Herbik, verify that the statements set forth in the foregoing ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES are true and correct to the best of my knowledge, information and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

Date: 4/15/2024

Michael Herbik

## CERTIFICATE OF SERVICE

I, Benjamin M. Lombard, Esquire, hereby certify that on this date a true and correct copy of the foregoing **DEFENDANT DR. HERBIK'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** was sent by e-mail to all parties of record.

David R. Osipovich
Kira M. Geary
Jonathan Vaitl
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Scott A. Bradley
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
*Counsel for DOC Defendants*

    /s/ Benjamin M. Lombard
Benjamin M. Lombard, Esquire

Dated: April 25, 2024