IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

EDWARD LEON MAJOR,

    Plaintiff,                          CIV. ACTION NO. 1:21-cv-0068

    vs.

REKHA HALLIGAN, et al,

    Defendants.

## RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANTS

AND NOW COMES, Defendant Dr. Michael Herbik, by and through his counsel and the law firm of Weber Gallagher and hereby submits the following Responses to Requests for Production of Documents:

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all DOCUMENTS RELATING TO the allegations in the AMENDED COMPLAINT.

**Response: Defendant objects to the broad, open and ambiguously phrased Request. By way of further Response, Responding Defendant is an employee of the sub-contracted provider of health care services to the Pennsylvania Department of Corrections and, as such, independently has no documents in his possession. Nonetheless, Defendant's Counsel has subpoenaed documents from the Pennsylvania Department of Corrections they believe may be relevant to their investigation and defense of the allegations in Plaintiff's Amended complaint. Those documents received in response to Defendant's subpoenas are attached hereto.**

    2.    Any and all DOCUMENTS RELATING TO the allegations in the ANSWER.

**Response: See, Response to Request No. 1.  All documents that Defendant has subpoenaed are attached hereto.**

    3.    Any and all DOCUMENTS RELATING TO the affirmative defenses in the ANSWER.

**Response: See, Response to Request No. 1.  All documents that Defendant has subpoenaed are attached hereto.**

    4.    PLAINTIFF'S complete inmate file.

**Response: Responding Defendant is an employee of the sub-contracted provider of health care services to the Pennsylvania Department of Corrections and, as such, independently has no documents in his possession responsive to this request aside from the attached medical and grievance records.**

    5.    DEFENDANTS' complete personnel file, including without limitation:

        a.    job descriptions;
        b.    any and all prisoner complaints RELATING TO DEFENDANT;
        c.    any subsequent responses by DOC personnel; and
        d.    any and all DOCUMENTS RELATING TO any DISCIPLINARYACTIONS that have been taken against any of the DEFENDANTS.

**Response:  The personnel file and job descriptions for Defendant, Dr. Herbik, have been requested.  By way of further response, there are no responsive documents regarding 'prisoner complaints', subsequent 'responses' or disciplinary action related to Dr. Herbik.  As Prisoners file tens of thousands of grievances across the state, they are not stored or kept by the name of the person they are complaining about but, by the subjective category of the nature of their complaint and the name of the aggrieved person.  See the attached spreadsheet of Grievance documents related to Plaintiff Majors for a description as to how these complaints are filed and retrieved.**

6. Any and all POLICIES RELATING TO:

    a. inmate grievances;
    b. use of force against an inmate;
    c. O/C SPRAY contraindication determinations;
    d. medical care provided to inmates, including, but not limited to, medical emergencies, response to inmate call buttons, prescription medications, treatment plans, and inmate diets;
    e. the transfer and intake process of inmates; including, but not limited to, an inmate's medical records;
    f. the placement of inmates in the RHU;
    g. the placement of inmates in the STGMU;
    h. the training of DEFENDANTS; and
    i. document retention and destruction.

**Response: Responding Defendant is an employee of the sub-contracted provider of health care services to the Pennsylvania Department of Corrections and, as such, independently has no documents in his possession. To the limited extent that documents may be available or responsive to this request, policies and procedures that are publicly available are available here: https://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx**

7. Any and all COMMUNICATIONS RELATING TO PLAINTIFF between DEFENDANTS.

**Response: Other than the communications that are contained within Plaintiff's medical records, which have been produced to counsel, Defendant does not have documents responsive to this request. Should additional information responsive to this request become known or available, this response will be supplemented.**

8. Any and all COMMUNICATIONS RELATING TO PLAINTIFF between any DEFENDANT and DOC personnel.

**Response: See, Response to Request No. 7.**

9.     Any and DOCUMENTS or COMMUNICATIONS RELATING TO PLAINTIFF'S grievances, including, but not limited to any and all video footage from the FACILITIES.

**Response:  Any grievances that were produced to Defendant in response to his subpoena to the PA DOC are attached hereto.  Defendant does not have any materials responsive to this request for video footage.**

10.    Any and all DOCUMENTS or COMMUNICATIONS RELATING TO the February 24, 2019 INCIDENT, as described in Paragraphs 51-71 of the AMENDED COMPLAINT.

**Response: Response: No documents available.  Should additional information responsive to this request become known or available, this response will be supplemented.**

11.    Any and all DOCUMENTS or COMMUNICATIONS RELATING TO PLAINTIFF and the use of O/C SPRAY.

**Response: See any DC-440C forms which discuss Oleoresin Capsicum in Plaintiff's medical records.**

12.    Any and all DOCUMENTS or COMMUNICATIONS RELATING TO PLAINTIFF'S medical care at the FACILITIES.

**Response: See attached produced in Response to Request number 1.**

13.    Any and all DOCUMENTS or COMMUNICATIONS RELATING TO any DEFENDANT'S medical care of PLAINTIFF, including, but not limited to record logs of when DEFENDANTS accessed, viewed, and/or modified PLAINTIFF'S medical record.

**Response: See attached produced in Response to Request number 1.**

14.    Any and all DOCUMENTS or COMMUNICATIONS RELATING TO PLAINTIFF'S transfers between the FACILITIES.

**Response: No responsive documents available. By way of further response, Responding Defendants did not subpoena Plaintiff's Transfer Petitions from the Pennsylvania Department of Corrections.**

15. Any and all DOCUMENTS or COMMUNICATIONS RELATING TO PLAINTIFF'S placement in the RHU.

**Response: See the attached misconduct summary produced in response to Request number 1 which may contain some limited information as to RHU placement.**

16. Any and all DOCUMENTS or COMMUNICATIONS RELATING TO PLAINTIFF'S placement in the STGMU.

**Response: See attached medical records and cell history produced in response to Request number 1 which may contain information as to STGMU placement.**

17. Any and all DOCUMENTS or COMMUNICATIONS RELATING TO PLAINTIFF'S placement in the gang unit.

**Response: No responsive documents available.**

18. Any and all DOCUMENTS or COMMUNICATIONS RELATING TO DEFENDANTS' training at the FACILITIES.

**Response: No responsive documents available.**

19. Any and all DOCUMENTS RELATING TO any efforts by DOC personnel to monitor, record, report, investigate, study, or audit the DEFENDANTS' treatment of inmates.

**Response: No responsive documents available.**

20. Any and all DOCUMENTS, reports, correspondence, photographs, tangible things, or other materials created by any expert witness you intend to call at the trial of this case.

**Response: Defendant has not made a determination as to which, if any, expert witnesses they intend to call. Defendant will produce all information related to their experts pursuant to the terms of a Pre-Trial Case Management Order.**

21. Any and all DOCUMENTS that you, your expert witness, or any other witness may rely upon at the trial of this case.

**Response: Defendant will produce their Exhibit List for use at trial pursuant to the terms of a Pre-Trial Case Management Order.**

22. Any and all DOCUMENTS YOU intend to rely upon at the trial of this case.

**Response: Defendant will produce their Exhibit List for use at trial pursuant to the terms of a Pre-Trial Case Management Order.**

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP

BY: /s/ Benjamin M. Lombard
Benjamin M. Lombard, Esquire
blombard@wglaw.com
PA322376

Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA I.D. 77096

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP
Six PPG Place, Suite 1130
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 FAX

## CERTIFICATE OF SERVICE

I, Benjamin M. Lombard, Esquire, hereby certify that on this date a true and correct copy of the foregoing **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** was sent by e-mail to all parties of record.

David R. Osipovich
Kira M. Geary
Jonathan Vaitl
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Scott A. Bradley
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
*Counsel for DOC Defendants*

/s/ Benjamin M. Lombard
Benjamin M. Lombard, Esquire

Dated:   April 25, 2024