IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

EDWARD LEON MAJOR,

    Plaintiff,

    vs.

REKHA HALLIGAN, *et al.*,

    Defendants.

**FILED ELECTRONICALLY**

CIV. ACTION NO. 1:21-cv-00068

## MEMORANDUM OF DR. HERBIK
## AS TO HIS POSITION REGARING DISCOVERY ISSUES

The instant memorandum is being submitted as instructed by the Court's August 9, 2024, Order, following Plaintiff's Motion for Discovery Conference. (ECF Nos. 187, 188).

Because Mr. Major's Motion for Discovery Conference only sets forth generalized issues about discovery between the parties, Dr. Herbik will briefly address each issue as set forth in the Motion. Dr. Herbik otherwise believes that these issues will best be addressed between the parties and Court during the upcoming status conference scheduled for August 20, 2024. Nevertheless, Dr. Herbik respectfully requests that he be permitted to supplement this memo with additional briefing, should the need arise, once the parties have had the opportunity to address the specific issues that may be pending between them.

**Mediation**

First, Mr. Major writes that Dr. Herbik "has not cooperated in Plaintiff's and the Department of Corrections' efforts to schedule alternative dispute resolution; indeed he has not even agreed to alternative dispute resolution *per se*, in violation of LCVR 16.2."

Dr. Herbik responds that Mr. Major's characterization of his willingness to attend mediation as described by his Motion is inaccurate and does not genuinely recall the conversations between counsel.  Counsel has not sought dates independently to schedule the mediation for the parties because they are not yet authorized to negotiate on Dr. Herbik's behalf, as he is covered by a policy issued by the Pennsylvania Professional Liability Joint Underwriting Association which requires his consent to settle, and Dr. Herbik has not consented to settle, believing he has committed no wrong. While alternative dispute resolution is a welcome and appropriate tool for resolving many civil disputes, it is not properly used as a tool to punish a Defendant who protests he is not liable.  Proceeding with an early ADR session pursuant to the local rules under these circumstances would likely be fruitless, but Dr. Herbik and a representative of his carrier and his counsel will certainly attend if one is scheduled.  This point can be discussed more during the upcoming August 20th hearing.  Nevertheless, should a date be set for the parties to attend a mediation, Dr. Herbik would participate.[1]

---

[1] Defense counsel adds that counsel and Dr. Herbik have an ongoing discussion regarding consent and that this position should not be regarded as static, but counsel must honor the informed decision of Dr. Herbik.  Counsel must also take issue with Plaintiff's insistence about participation in ADR after Plaintiffs' counsel have done much to frustrate any hope of meaningful negotiation.

## **Objections to Interrogatories**

Next, Mr. Major contends that Dr. Herbik has raised improper objections to Interrogatories.  Upon information and belief, this is the first that Counsel is hearing that Mr. Major has had an issue with Dr. Herbik's responses to Interrogatories. Because Mr. Major does not indicate his specific issue with these response in his motion, Dr. Herbik will simply attach his responses to this memorandum as evidence that he has properly responded.

## **Objections at Deposition**

On review of Mr. Major's Motion, the referenced deposition of Dr. Herbik was held on August 7, 2024, at the offices of K&L Gates.  During this 5.5 hour deposition, Plaintiff's counsel never asked Dr. Herbik about the medical treatment that he personally provided to Mr. Major, which is limited to four visits in April 2022.  Further, there were occasions upon which counsel for Dr. Herbik was obliged to object and instruct the witness not to answer, when Plaintiff's counsel sought to question Dr. Herbik as an expert witness to provide opinions on the care and treatment rendered by other physicians.

It is Dr. Herbik's position that any questions attempting to elicit his testimony as to the care rendered by other physicians, or as to the standard of care generally, are violative of Rule 702 in that these questions improperly ask him to render an expert

opinion despite him only being a fact witness.  *See e.g.*, <u>Rowland v. Novartis Pharms.</u> <u>Corp.,</u> 2014 U.S. Dist. LEXIS 44865* (W.D. Pa. 2014).

It is also notable that while Plaintiffs' counsel demanded on the record that Dr. Herbik should provide an opinion about the propriety or quality of care specifically provided by Dr. Rekha Halligan (a former defendant who has since been dismissed) because he was the regional medical director of the territory covering SCI-Albion while she was medical director of that site, this case does not involve claims of supervisory liability or *respondeat superior* inasmuch as the only remaining claims against Dr. Herbik are brought pursuant to 42 U.S.C. §1983 for alleged violations of his Eighth Amendment rights.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir.1988)

Finally, during the deposition of Dr. Herbik, Plaintiff's counsel asked Dr. Herbik what formed the factual bases of his legal affirmative defenses set forth in the Answer to the Complaint.  Despite Dr. Herbik admitting on the record that did not recall reading the Answer and did not know what formed the bases of the Affirmative Defenses, counsel continued to ask about the same, despite the lack of foundation.  At this point, Dr. Herbik's counsel objected to the line of question as being violative of the attorney/client privilege insofar as the facts underpinning the Affirmative Defenses were reliant on legal strategy formed between Dr. Herbik and his counsel.  It is therefore Dr. Herbik's position that any questions raised during his deposition

regarding his Affirmative Defenses went directly to his legal strategy and were thus protected by attorney/client privilege and thus improper.[2]

Defendant would further observe that while questioning a Defendant about affirmative defenses or "new matters," included in an Answer, which is a common enough, if somewhat impertinent deposition tactic in civil actions proceeding in the Courts of Common Pleas of Pennsylvania, (which usually accomplishes little more than embarrassing a defense counsel who has not prepared his witness for such an approach), it is truly a pointless exercise in cases in federal court. In Pennsylvania actions the Defendant must verify the answer personally avowing having read and understood the document, which is not the case proceeding under the federal rules, in which the Answer is entirely within the lawyer's domain.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

BY: _____
Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA ID No. 77096

Benjamin M. Lombard, Esquire
blombard@wglaw.com

---

[2] Although counsel requested an expedited transcript from Dr. Herbik's August 7, 2024, deposition, he is not yet in receipt of the transcript or else he would make it available to the Court.

PA ID No. 322376

WEBER GALLAGHER
Six PPG Place, Suite 1130
Pittsburgh, PA 15222
(412) 281-4541

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel H. Foreman, Esquire, hereby certify that on this date a true and correct copy of the foregoing **<u>MEMORANDUM OF DR. HERBIK AS TO HIS POSITION REGARING DISCOVERY ISSUES</u>** was served by CM/ECF Notice to all counsel of record upon the following:

David R. Osipovich
Kira M. Geary
Jonathan Vaitl
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Meghan A. Flowers
Scott A. Bradley
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
*Counsel for DOC Defendants*

_____
Sam Foreman, Esquire

Dated:    <u>August 15, 2024</u>