IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| EDWARD MAJOR, | ) |
| Plaintiff | ) 1:21-CV-00068-RAL |
| vs. | ) RICHARD A. LANZILLO |
| | ) CHIEF UNITED STATES |
| MICHAEL J. EDWARDS, REGISTERED NURSE, SCI ALBION; JAMES OCHS, R.H.U. LT., SCI ALBION; PAUL ENNIS, DEPUTY SUPERINTENDENT, SCI ALBION; MICHAEL CLARK, FACILITY MANAGER, SCI ALBION; SETH ERICKSON, SDU UNIT MANAGER, SCI FAYETTE; WILLIAM NICHOLSON, HEALTH CARE ADMINISTRATOR, SCI GREENE; ADAM SHADE, SERGEANT OHRMAN, MICHAEL HERBIK, JAMES BRIGHT, LIEUTENANT MATIYASIC, CORRECTIONAL OFFICER CARNS, | ) MAGISTRATE JUDGE<br><br>) SUPPLEMENTAL ORDER ON PLAINTIFF MAJOR'S MOTION FOR STATUS/DISCOVERY CONFERENCE<br><br>) IN RE: ECF NO. 187 |
| Defendants | ) |

By prior Order, the Court granted the Plaintiff Edward Major's motion for a status conference to resolve certain discovery disputes between Major and Defendant Dr. Michael Herbik. *See* ECF Nos. 187 and 188. Major and Dr. Herbik have filed supplemental memorandum outlining their positions. *See* ECF Nos. 192, 193. The Court convened a telephone conference this morning to resolve the pending discovery disputes. This Order memorializes the Court's orders as stated on the record during this morning's conference.

Major first seeks an order compelling Dr. Herbik to respond to several interrogatories as well as deposition questions to which he objected. *See* ECF No. 192, p. 5. He argues that he is entitled to discover facts on which Dr. Herbik bases the affirmative defense raised in his Answer. *Id*. The Court agrees. To the extent Major's interrogatories and questions posed to Dr. Herbik at

1

deposition request identification of facts upon which he bases his affirmative defenses, the motion is granted. Counsel for Dr. Herbik did not object to this ruling and stated that he would supplement Dr. Herbik's responses accordingly. The Court encourages these parties to find a means to allow Dr. Herbik to supplement his deposition responses without the expense of reconvening the deposition. Additionally, Major may inquire of Dr. Herbik whether he reviewed medical records or other sources of information regarding the treatment provided to Major by Dr. Rekha Halligan, but only if (1) it is established that Dr. Herbik relied upon such information in connection with his medical treatment or assessment of Major, or (2) Dr. Herbik reserves the right to opine regarding the adequacy of Dr. Halligan's care at any later stage of this case.

Second, Major and the Department of Corrections ("DOC") Defendants contend that early alternative dispute resolution ("ADR") is appropriate for this case but note that Dr. Herbik has not committed to the process. The Court need not decide, however, whether the Court may compel early ADR in this case because Dr. Herbik's counsel agreed during the conference that both he and a representative of his professional liability insurance carrier would participate in a mediation conference. The Court then discussed several mediation format alternatives, including private mediation and the possible service of a member of this Court as neutral. All counsel are directed to confer and report back to Chambers staff (john_heasley@pawd.uscourts.gov) within fourteen (14) days as to their preferred forum and format for mediation.

Pending the conclusion of the mediation conference, all pretrial deadlines (*see* ECF No. 181) are suspended; however, the date and time previously set for the post-discovery status conference (September 12, 2024, at 10:15 AM) shall remain for purposes of a telephone status conference to discuss any open issues regarding the mediation. Other pretrial deadlines will be reset in the event mediation does not resolve the case.

DATED this 20th day of August, 2024.

                                    BY THE COURT:

                                    _____
                                    RICHARD A. LANZILLO
                                    CHIEF UNITED STATES MAGISTRATE JUDGE

3