IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| EDWARD MAJOR, | ) | |
| | ) | |
| Plaintiff | ) | 1:21-CV-00068-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| MICHAEL J. EDWARDS, REGISTERED | ) | |
| NURSE, SCI ALBION; ET AL., | ) | ORDER REGARDING SUGGESTION OF |
| | ) | DEATH OF DEFENDANT MICHAEL |
| | ) | HERBIK |
| Defendants | ) | |
| | ) | IN RE: ECF NO. 242 |
| | ) | |
| | ) | |

Attorney Benjamin M. Lombard, counsel for Defendant Michael Herbik, has notified the

Court that Herbik died during the pendency of this action. *See* ECF No. 242. Counsel's filing

provides no further information. The filing invokes Federal Rule of Civil Procedure 25(a)(1),

which governs the substitution of parties upon the death of a party when the claim is not

extinguished by death. That Rule provides:

> If a party dies and the claim is not extinguished, the court may order
> substitution of the proper party. A motion for substitution may be
> made by any party or by the decedent's successor or representative.
> If the motion is not made within 90 days after service of a statement
> noting the death, the action by or against the decedent must be
> dismissed.

Fed. R. Civ. P. 25(a)(1). However, "[t]he 90-day time period set forth in Rule 25(a)(1) is not

triggered until the statement of death is served on the decedent's representative or successor, in

accordance with Rule 4." *Graham v. Henderson*, 224 F.R.D. 59, 61 (N.D. NY. 2004) (citing

*Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–70 (2d Cir. 1998)); *see also McKenna v.*

*Pacific Rail Serv*., 32 F.3d 820, 836 (3d Cir. 1994) ("The 90-day time limit under Rule 25(a) does

1

not begin to run until the suggestion of death is both filed with the court and properly served on nonparties, including any known successors or personal representatives of the deceased."). Although the Court appreciates counsel's diligence in promptly submitting the suggestion of death, as filed, the document fails to provide: (1) any information as to whether Defendant Herbik had an estate or a legal representative; (2) the identity or whereabouts of any successor or personal representative; or (3) evidence that the suggestion of death has been served in accordance with Rule 4 on any such individual. *See generally,* ECF No. 242. *See also Wojowski v. Wetzel*, 2022 WL 2116620, at *1 (W.D. Pa. May 31, 2022). Accordingly, the Court will not begin the 90-day period prescribed under Rule 25(a)(1) until such time as a proper suggestion of death has been served in accordance with that Rule.

IT IS THEREFORE HEREBY ORDERED THAT:

1.    The Court acknowledges the filing of the suggestion of death (ECF No. 242) as to Defendant Michael Herbik.

2.    However, the 90-day period under Rule 25(a)(1) has not commenced, as there is no indication that service of the suggestion of death has been effected on any successor or representative of the decedent in accordance with Fed. R. Civ. P. 4.

3.    Counsel for the decedent shall, within 30 days of the date of this Order, either:

(a)    provide the Court with documentation identifying the legal representative or successor of the deceased party and certify service of the suggestion of death in accordance with Rule 4; or

(b)    file a status report explaining what efforts have been made to identify or serve such individuals.

Failure to comply with this Order may result in the Court deeming the Suggestion of Death docketed at ECF No. 242 ineffective and declining to dismiss the action for failure to substitute. *See* Fed. R. Civ. P. 25(a)(3); *see also Giles v. Campbell*, 698 F.3d 153, 158-59 (3d Cir. 2012).  If, on the other hand, the Plaintiff does not file a motion within 90 days after service of any amended and properly served statement noting the death, the Court shall dismiss the claims against the deceased defendant under Rule 25(a)(1).

DATED this 15th day of July, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE